**UNITED STATES of America**

v.

**Alexander SALVAGNO, Raul Salvagno, and AAR Contractor, Inc., Defendants.**

**No. 5:02–CR–51(HGM).**

United States District Court, N.D. New York.

April 15, 2004.

For the United States: Hon. Glenn T. Suddaby, United States Attorney, Northern District of New York, Syracuse, NY, Craig A. Benedict, Assistant United States Attorney, of counsel.

For Alexander Salvagno and AAR Contractor, Inc.: David B. Bernfeld, Esq., Law Offices of David B. Bernfeld, New York, NY.

For Raul Salvagno: Emil M. Rossi, Esq., Syracuse, NY.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

## BACKGROUND

On March 30, 2004, the jury empaneled in the above-captioned case returned guilty verdicts on all counts of the Indictment against defendants Alexander Salvagno and Raul Salvagno whereupon the Government moved to remand them pending sentencing. On March 31, 2004, the court held a hearing on the Government's motion. The Government argued that defendants posed and will continue to pose a risk to flee, and cited, *inter alia*, defendants' affluence, their familial ties to Argentina, and the potential length of their sentences. The Government also alluded to a previous case in which a defendant, convicted of environmental crimes in the Northern District of New York, was released pending his sentencing and fled to Costa Rica. Thereafter, because Costa Rica did not recognize the most significant of the charges for which defendant had been convicted, the Government was only

able to secure defendant's extradition by agreeing to dismiss those charges. The Government is wary of such a situation arising here.

Defendants opposed the Government's motion. Alexander Salvagno argued that he poses no risk to flee, for he diligently appeared throughout the course of the trial, would relinquish his passport, and would agree to comply with whatever conditions of release the court might impose. Alexander Salvagno also argued that his son is afflicted by a diseased kidney, which will require a transplant, and that doctors have determined he is a suitable donor. Raul Salvagno argued that he too poses no risk to flee, for he diligently appeared throughout the course of the trial, would relinquish his passport, and would agree to comply with whatever conditions of release the court might impose. Raul Salvagno also argued that he has been a United States citizen since the 1970s, that he lives in Florida, and that he renders care for his wife who has battled or is currently battling cancer.

At the close of the hearing, the court conditionally released [1] defendants subject to the following restrictions: (1) defendants' posting of an unsecured $1 million Appearance Bond for which defendants were jointly and severally liable; (2) defendants' surrender of their United States Passports; (3) defendants' travel restricted to the Syracuse area within the Northern District of New York as secured by home detention and electronic monitoring between (a) 7:30 p.m. and 7:30 a.m. as to Alexander Salvagno and (b) 8:00 p.m. and 8:00 a.m. as to Raul Salvagno; and, (4) defendants' appearance at a second hear-

ing on April 6, 2004, where the court would reexamine the Government's motion to remand. The court also ordered defendants to submit their financial records and appraisals of the real property by which they indicated they would secure their Appearance Bond. The court intended to reexamine the Government's motion to remand in light of the amount of security defendants could post and the quality of the financial documentation defendants provided in support thereof. In addition, pursuant to Rule 33(b)(2) of the Federal Rules of Criminal Procedure [2], the court granted defendants' motion to extend the filing date of their anticipated motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure until April 19, 2004.

On April 6, 2004, the court resumed the hearing on the Government's motion to remand and continued to hear arguments on the issue. At the hearing's conclusion, the court denied the Government's motion to remand, removed defendants from electronic monitoring, and released defendants pending sentencing subject to the following conditions: (1) the continued surrender of their United States Passports; (2) Alexander Salvagno's travel restricted to the Northern and Southern Districts of New York; (3) Raul Salvagno may leave the Northern District of New York and travel directly to the Middle District of Florida whereupon at his arrival, his travel is restricted to the Middle District of Florida; (4) defendants ordered to provide a secured $1 million Appearance Bond; and, (5) defendants ordered to appear on Friday, September 10, 2004, at 2:00 p.m., for sentencing. Pursuant to Rule 33(b)(2) of the Federal Rules of Criminal Procedure,

---

**1.** The court ruled as follows: " I will not remand either defendant at this time ... and that as of now [the defendants] should put up a bond in the amount of $1 million. That may change after I hear the evidence next Tuesday."

**2.** Rule 33(b)(2) states in pertinent part that "[a]ny motion for a new trial grounded on any reason ... must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7–day period."

the court granted defendants' motion to further extend the filing date of their anticipated motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure until April 30, 2004, and ordered the United States Probation Department to prepare defendants' pre-sentence reports. In addition to those previously ordered conditions of release, the court ORDERS Alexander Salvagno to execute and file with the Clerk of the Court a waiver of extradition applicable to any nation or foreign territory in which he may be found as a condition of his continued release by no later than April 23, 2004. In addition to those previously ordered conditions of release, the court ORDERS Raul Salvagno to execute and file with the Clerk of the Court a waiver of extradition applicable to any nation or foreign territory in which he may be found as a condition of continued his release by no later than April 23, 2004.

## DISCUSSION

### I. Standard for Release or Detention Pending Sentence

■ Title 18 U.S.C. § 3143, *Release or detention of a defendant pending sentence or appeal,* controls here. Section 3143(a)(1) provides that:

Except as provided in paragraph (2),[3] the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Even without the benefit of a pre-sentence investigation report, it is clear that the United States Sentencing Guidelines will recommend terms of imprisonment for defendants. Therefore, no pause need have been given for 28 U.S.C. § 994, and consequently the only consideration left for the court was whether defendants pose a risk to flee.

### A. Alexander Salvagno

Implicit in the release of Alexander Salvagno was the court's finding by clear and convincing evidence that he is not likely to flee. The court found that Alexander Salvagno is not likely to flee under the combination of the following circumstances and conditions: (1) his son's kidney ailment that necessitates a transplant and for which Alexander Salvagno is the likely donor and (2) his joint and several liability on a $1 million Appearance Bond secured by real property.

### B. Raul Salvagno

■ Implicit in the release of Raul Salvagno was the court's finding by clear and convincing evidence that he too is not likely to flee. The court found that Raul Salvagno is not likely to flee under the combination of the following circumstances

---

**3.** Paragraph 2 provides in pertinent part that the "judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentenced detained." Subsection 3142(f)(1)(A), (B), and (C) pertain to, (1) crimes of violence; (2) an offense for which the maximum sentence is life imprisonment or death; and, (3) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act, respectively, none of which are at issue here.

and conditions: (1) his continued recovery from prostate cancer; (2) the care he renders in support of his wife's continued battle with cancer; and, (3) his joint and several liability on a $1 million Appearance Bond secured by real property.

## II. Property and Mechanism for Securing the Bond

Defendants have executed a $1 million Appearance Bond and have proposed the following parcels of real property as security: (1) 310 Loudon Road, Loudonville, Albany County, New York 12211, FEMA Map No. 360007002C, owned by Rebecca O'Keefe with equity of $321,562.22; (2) 10 Century Hill Drive, Latham, Albany County, New York 12210, owned by O'Keefe Development Co., Inc., with equity of $282,748.58; (3) 25 Warehouse Row, Town of Colonie, Albany County, New York 12205, Tax Map No. 42.17–1–2.3, owned by O'Keefe Properties, LLC, with equity of $166,250.00; (4) 7 Interstate Avenue, Colonie, County of Albany, New York 12205, owned by O'Keefe Development, LLC, with equity of $123,679.55; and, (5) 9 Mill Run Court, Ormond Beach, Volusia County, Florida 32174–4882, FEMA Map No. 12127C0204H, owned by Raul and Susan Salvagno, with equity of $220,000.

Local Rule 67.3(a) of the Northern District of New York states that "unless the Court expressly directs otherwise pursuant to the provisions of 18 U.S.C. § 3146 in the supervision of a criminal matter, every bond, recognizance or other undertaking required by law or court order in any proceeding shall be executed by the principal obligor and by one or more sureties qualified as provided by this Rule." Local Rule 65.1.1(b) specifies that:

> Except as otherwise provided by law, every bond, undertaking or stipulation shall be secured by the deposit of cash or government bonds in the amount of the bond, undertaking or stipulation or be secured by the undertaking or guaranty of a corporate surety holding a certificate of authority from the Secretary of the Treasury or the undertaking or guaranty of two individual residents of the Northern District of New York, each of whom owns real or personal property within the district worth double the amount of the bond, undertaking or stipulation, over all the debts and liabilities of each of the residents, and over all obligations assumed by each of the residents on other bonds, undertakings or stipulations, and exclusive of all legal exemptions.

Rule 46(e) of the Federal Rules of Criminal Procedure states:

> The court must not approve a bond unless any surety appears to be qualified. Every surety, except a legally approved corporate surety must demonstrate by affidavit that its assets are adequate. The court may require the affidavit to describe the following: (1) the property that the surety proposes to use as security; (2) any encumbrance on that property; (3) the number and amount of any other undischarged bonds and bail undertakings the surety has issued; and (4) any other liability of the surety.

The court ORDERS Alexander Salvagno, Raul Salvagno, Rebecca O'Keefe and Susan Salvagno, as the principal obligors, and a surety to execute and file with the Clerk of the Court a bond incorporating the above-referenced parcels of property in compliance with L.R. 67.3(a) and L.R. 65.1.1(b). Consistent with Rule 46(e) of the Federal Rules of Criminal Procedure, the court ORDERS the surety to file an affidavit with the Clerk of the Court describing: (1) the property that the surety proposes to use as security; (2) any encumbrance on that property; (3) the number and amount of any other undischarged bonds and bail undertakings the surety has issued; and, (4) any other liability of the surety. The court directs principal the

obligors and surety to file their executed bond and the surety to file its affidavit by no later than April 23, 2004. Failure to so comply will result in the court's immediate issuance of a bench warrant for defendants' arrest.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that Alexander Salvagno execute and file with the Clerk of the Court a waiver of extradition applicable to any nation or foreign territory in which he may be found as a condition of his continued release by no later than April 23, 2004; it is further

**ORDERED,** that Raul Salvagno execute and file with the Clerk of the Court a waiver of extradition applicable to any nation or foreign territory in which he may be found as a condition of his continued release by no later than April 23, 2004; it is further

**ORDERED,** that Alexander Salvagno, Raul Salvagno, Rebecca O'Keefe, Susan Salvagno and a surety execute and file with the Clerk of the Court a bond on the above-references parcels of property in compliance with L.R. 67.3(a) and L.R. 65.1.1(b) by no later than April 23, 2004; it is further

**ORDERED,** that the surety file an affidavit with the Clerk of the Court describing (1) the property that the surety proposes to use as security; (2) any encumbrance on that property; (3) the number and amount of any other undischarged bonds and bail undertakings the surety has issued; and (4) any other liability of the surety by no later than April 23, 2004.

**IT IS SO ORDERED.**